(87 Misc. Rep. 515)

## In re DE ESCORIAZA'S ESTATE.

(Surrogate's Court, New York County. November 5, 1914.)

1. TAXATION (§ 879*)—INHERITANCE TAX—TRANSFERS TAXABLE.

Tax Law (Consol. Laws, c. 60) § 220, subd. 4, providing for a tax on transfers by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death, refers to gratuitous transfers, and only applies when a transfer is not supported by a valuable consideration, and is made in contemplation of death, or to take effect in possession or enjoyment at death; and where a grantor, though old and infirm and contemplating an early death, conveys real estate in the ordinary course of business for a valuable consideration, the transfer is not subject to the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

2. TAXATION (§ 895*)—INHERITANCE TAX—PROCEEDINGS TO ASSESS—BURDEN OF PROOF.

In a proceeding to assess the transfer tax on the estate of a decedent, it was incumbent upon the state comptroller to show that a deed by the decedent to herself and her daughter as joint tenants, purporting to have been made in consideration of $1 and other good and valuable consideration, constituted a gift in contemplation of death, or that it was limited to take effect in possession or enjoyment after the death of the decedent.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

3. TAXATION (§ 879*)—INHERITANCE TAX—TRANSFERS TAXABLE.

Where a decedent conveyed land to herself and her daughter as joint tenants, the daughter's right of survivorship was subject to the transfer tax, if such right was a gift from the decedent, but not if the deed was supported by a valuable consideration, as such right was derived from the deed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Proceeding to assess the transfer tax on the estate of Mercedes De Escoriaza, deceased. From an order assessing the tax, the State Comptroller appeals. Affirmed.

Edward F. Boyle, of New York City, for appellant.
Walter S. Newhouse, of New York City, for respondent.

FOWLER, S. This is an appeal by the state comptroller from an order assessing a tax upon the transfer of property effected by the will of the decedent. Prior to the 14th of December, 1911, the decedent was the sole owner of certain real estate situated at Throggs Neck, in Westchester county, N. Y. On that date she executed a deed by which she conveyed the said real estate to herself and her daughter as joint tenants. The consideration recited in the deed was "$1 and other good and valuable consideration." She died on the 21st of August, 1913.

[1] The state comptroller contends that the transfer of the real estate is subject to taxation under subdivision 4 of section 220 of the Tax Law. That subdivision provides that a transfer is taxable when

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it is made "by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death." The transfer referred to in this subdivision is a gratuitous transfer, or, in other words, a gift. Matter of Hess, 110 App. Div. 476, 96 N. Y. Supp. 990, affirmed 187 N. Y. 554, 80 N. E. 1111. If the grantor, although old and infirm and contemplating his early demise, conveys his real estate in the ordinary course of business for a valuable consideration, such transfer is not subject to a transfer tax. It is only when the conveyance to the grantee is not supported by a valuable consideration, and is made in contemplation of the death of the grantor, or intended to take effect in possession or enjoyment at his death that it is subject to a transfer tax.

[2, 3] To justify the imposition of a tax upon the decedent's interest in the real estate in question, it was incumbent upon the state comptroller to show that the deed was given by the grantor as a gift to the grantee and that it was given in contemplation of the death of the grantor, or that the transfer was limited in such a way that it could not take effect in possession or enjoyment until after her death. The deed executed by the decedent on the 14th of December, 1911, conferred upon her daughter all the rights of a joint tenant in the real estate therein described. Among these were the right of survivorship. If this right was a gift from the decedent to her daughter, it would be subject to a tax. But the evidence submitted to the appraiser does not show that it was a gift. The deed recites that the conveyance was made for "$1 and other good and valuable consideration." This statement in the deed was not successfully impeached by the state comptroller. Therefore, as the daughter's right to take the real estate as survivor was derived from the deed, and the latter was given by the grantor for a valuable consideration, it is not a taxable transfer. Matter of Hess, supra; Matter of Heiser, 85 Misc. Rep. 271, 147 N. Y. Supp. 557; Matter of Klatzl, 149 N. Y. Supp. 794.

The order fixing tax will be affirmed.