In the Matter of the Appraisal under the Transfer Tax Law of the Estate of SAMUEL DALSIMER, Deceased.

ZETTIE DALSIMER, as Executrix, etc., of SAMUEL DALSIMER, Deceased, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

First Department, May 7, 1915.

Tax — transfer tax on bonds registered in names of husband and wife as joint tenants — right of survivorship — essentials of joint tenancy — party — executor may appeal from order imposing tax.

Where bonds deposited in a bank which were originally owned by a husband were re-registered in the names of himself and wife " as joint tenants, with the right of survivorship and not as tenants in common," a joint tenancy was created, and on the death of the husband two years later the wife takes complete title as survivor. Hence, the bonds are not subject to a transfer tax.

Parties may create a joint ownership in money or securities deposited with a bank, with right of survivorship, irrespective of what each contributed to the deposit.

A joint tenancy with right of survivorship involves unity of interest, unity of title, unity of time and unity of possession.

The interest of a joint tenant with right of survivorship is not descendible and cannot be devised by will.

The wife as executrix of her husband is a party aggrieved by an order assessing a transfer tax on bonds which came to her individually as surviving joint tenant and may appeal from such order.

APPEAL by Zettie Dalsimer, as executrix, etc., from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 6th day of August, 1914, as affirms part of a prior order assessing the transfer tax herein.

*Louis J. Vorhaus,* for the appellant.

*Alexander Otis,* for the respondent.

McLAUGHLIN, J.:

Appeal by the executrix of the estate of Samuel Dalsimer, deceased, from so much of an order of the Surrogate's Court

First Department, May, 1915.          [Vol. 167.

as assessed a transfer tax upon the value of certain stocks and bonds. The decedent, a resident of the State of New York, died on the 30th of July, 1913, leaving a will in which his wife was named as sole beneficiary. At the time of his death certain stocks and bonds of the value of $292,346.50 were held by the Guaranty Trust Company of New York for safekeeping in an account entitled "Samuel Dalsimer and Zettie Dalsimer, as joint tenants, with the right of survivorship, and not as tenants in common." The only question presented by the appeal is whether these stocks and bonds, or any of them, were properly held subject to the payment of a transfer tax.

For some years prior to 1911 the decedent had an account with the trust company for the deposit of stocks and bonds. On February fifteenth of that year the account was changed from an individual account of the decedent to a joint account for himself and wife, and dividends on the stocks and interest upon the bonds were thereafter collected by the trust company and deposited in a bank account in the trust company which stood in the name of "Samuel Dalsimer and Zettie Dalsimer." Either party had the right to draw upon the account, which they, in fact, did from time to time.

There is no evidence of an agreement between the decedent and his wife at the time the securities account was opened, but on July 18, 1912, they delivered to the trust company a communication of which the following is a copy:

"*July* 18*th*, 1912.

"GUARANTY TRUST COMPANY OF NEW YORK:

"DEAR SIRS.— We hereby request that all securities and money now held or hereafter received by you for our account, or for account of either of us, and the proceeds of any such securities shall be held for the joint account of the undersigned acting jointly and severally as joint tenants, and not as tenants in common, with all the rights that such joint and several relation can confer on either of us and particularly with the right to each of us at any time to withdraw or otherwise dispose of the same, or any part thereof, without the act or co-operation of the other, and upon the death of one of us, the survivor to be the sole owner of the securities and moneys remaining to the credit of said account. During our joint

lives, the written directions of either of us shall be ample authority to you in relation to the said joint account.   *   *   *.

"Yours truly,
"SAMUEL DALSIMER,
"ZETTIE DALSIMER."

Thereafter, and until the death of the decedent, the securities in question were held by the trust company pursuant to this communication in an account entitled "Samuel Dalsimer and Zettie Dalsimer, as joint tenants, with the right of survivorship, and not as tenants in common."

Prior to June, 1913, most of the stock certificates stood in the name of Samuel Dalsimer and were by him indorsed in blank. The bonds were payable to bearer. In that month, however, the stocks were transferred to and registered in the name of "Samuel Dalsimer and Zettie Dalsimer, as joint tenants, with the right of survivorship, and not as tenants in common," and they were so registered at the time of the decedent's death.

The learned surrogate held that the money standing to the credit of the joint bank account was not taxable, but inasmuch as it did not appear that any of the stocks and bonds in question were purchased with money belonging to the executrix, therefore, the right of survivorship conferred upon her by the creation of the joint account was a gift by the decedent intended to take effect in possession or enjoyment after his death within the meaning of subdivision 4 of section 220 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1911, chap. 732) and, hence, subject to a tax.

It seems to me to be unnecessary to consider to what extent, if any, the decedent's wife contributed to this joint account, either in money or securities, since they could create a joint ownership therein, irrespective of what each contributed, with the right of survivorship. (*Kelly* v. *Beers*, 194 N. Y. 49; *West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518.) That the securities in question were held in a joint account and were intended to be so held, was conclusively established by the communication of July 18, 1912, signed by the decedent and his wife, to which reference has already been made. The title to such securities was in them as joint tenants and from

that time until the decedent's death neither he nor his wife had the exclusive title; on the contrary, each had a "unity of interest, unity of title, unity of time and unity of possession" (17 Am. & Eng. Ency. of Law [2d ed.], 649) — all the essentials necessary to create a joint tenancy, and which, once created, carried with it the right of survivorship. It is by reason of this right that it has been held that the interest of a joint tenant is not descendible and cannot be devised by will. No right passes by the death of one of the joint tenants and its only effect is to vest the entire title in the survivor (*Farrelly* v. *Emigrant Industrial Sav. Bank*, 92 App. Div. 529; affd., 179 N. Y. 594); in other words, the only question determined by the death is which of the joint tenants takes the whole. If this be true, then it follows there is nothing upon which a tax can be imposed, for the transfer of the title was not made in contemplation of death.

In support of this view see *Matter of Tilley* (166 App. Div. 240).

It is also urged by the respondent that the appellant as executrix is not aggrieved by the order assessing a transfer tax, and hence her appeal raises no question. The notice of appeal does not necessarily purport to be an appeal by the executrix. The use of the word "executrix," it might be urged, is merely descriptive, but assuming that the appeal is taken by her as executrix, we think she had a right to appeal. In *Matter of Cornell* (66 App. Div. 162) it was held that "the executor, as such, is entitled to appeal from an order and decree fixing a transfer tax. He is made personally liable for the tax, * * * and is a party aggrieved within the meaning of the provisions of the Code of Civil Procedure relating to appeals." The Court of Appeals modified the order of the Appellate Division (170 N. Y. 423), and in doing so, I think, necessarily held that the appeal was properly taken by the executor.

But, independent of authority, it must be that an executor of an estate against which a transfer tax has been imposed has such an interest therein as entitles him to have an order imposing the tax reviewed on appeal.

It follows that the order, in so far as appealed from, must be

reversed, with ten dollars costs and disbursements, and the appraiser's report modified by deducting the transfer tax imposed upon the securities under review.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, so far as appealed from, with ten dollars costs and disbursements, and appraiser's report modified as indicated in opinion.   Order to be settled on notice.