## Matter of the Estate of MARY HORLER, Deceased.

(Surrogate's Court, New York County, November, 1916.)

Deeds — what creates a joint tenancy between husband and wife — assignment of undivided one-half interest in bonds and mortgages when not subject to transfer tax.

Constitutional law — when article I, section 6, of State Constitution violated — Tax Law, section 220.

Where a wife's deed of conveyance to her husband of an undivided half of certain real estate expressly declares her intention to be to create a joint tenancy in herself and her husband with an absolute fee in the survivor, the husband's right of survivorship upon the death of his wife is not subject to a transfer tax. *Matter of Klatzl*, 216 N. Y. 83, distinguished.

Where both decedent and her husband for a valuable consideration assigned to each other an undivided one-half interest in various bonds and mortgages so as to hold them as joint tenants and not as tenants in common and so that the survivor should have the absolute title and ownership, the right of survivorship is not subject to a transfer tax.

Where prior to the amendment of 1915 to section 220 of the Tax Law there were deposits in several savings banks in the joint names of the husband and his wife, payable to either or to the survivor, the right of the husband to the entire amount in the event of his surviving being derived from the transaction which resulted in the opening of the joint accounts, no part of them was subject to a transfer tax as part of the wife's estate.

The amendment (Laws of 1915, chap. 864) to section 220 of the Tax Law, making taxable intangible property held in the joint names of two or more persons either as tenants by the entirety or as joint tenants, cannot be given a retroactive effect so as to tax interests vested prior to its enactment; such construction would be in effect to impose a tax upon property and not a tax upon succession to property and would violate section 6 of article I of the State Constitution.

APPEAL by an executor from an order assessing a tax upon the interests of the legatees.

Surrogate's Court, New York County, November, 1916. [Vol. 97.

McReynolds & Hunter, for James Horler, individually, and as executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S.   This is an appeal by the executor of decedent's estate from the order assessing a tax upon the interests of the legatees.

The decedent died on the 24th of July, 1915.   At the time of her death she had her domicile in this state. On November 5, 1914, she was the owner in fee of certain premises situate in the borough of Brooklyn, county of Kings, state of New York, and on that date she executed a deed by which she conveyed to her husband, James Horler, " in consideration of one dollar and other good and valuable consideration, an undivided one-half interest " in the said premises.   The deed further recited that it was " the intention of the party of the first part to transfer and convey to the party of the second part an undivided one-half interest and estate in the aforesaid parcel of land so that the party of the first part and the party of the second part shall hold and own the same as joint tenants, and so that the survivor shall take the absolute title and ownership in and to the same in fee simple."

The transfer tax appraiser found that the value of the premises was $6,500, and he reported that one-half of this amount was taxable as part of decedent's estate. Whether the appraiser erred in so reporting is one of the questions presented for determination by this appeal.   I had occasion to consider a practically similar question in *Matter of Heiser*, 85 Misc. Rep. 271, and in that matter I held that the right to survivorship which accrues to the survivor of a joint tenancy by virtue of a contract entered into for a valuable con-

sideration is not subject to taxation under the provisions of our Transfer Tax Law. But the comptroller contends that the decision of the Court of Appeals in the *Matter of Klatzl*, 216 N. Y. 83, is controlling on this point. In that case decedent, who was seized of certain real estate, conveyed it to himself and his wife as tenants by the entirety. Three of the judges of the Court of Appeals held that the conveyance did not constitute a tenancy by the entirety, but that the husband and wife held as tenants in common, and that upon the death of the husband his wife took his undivided one-half under the provisions of his will. Three of the judges held that the conveyance did constitute a tenancy by the entirety, and that no part of the property was subject to taxation upon the death of the husband. The chief justice, while holding that the wife took the property by virtue of the deed from her husband, held that her undivided one-half passed to her husband upon her death, and that that one-half was subject to a transfer tax. I do not understand the decision in *Matter of Klatzl* to go so far as to subject joint tenancies to the succession tax on the death of any joint tenant.

In the matter under consideration there is little room for difference of opinion as to the character of the tenancy created by the conveyance from the decedent to her husband, as it is expressly stated therein that the grantor conveys an undivided one-half interest in the premises to the grantee, and that it was her intention to create a joint tenancy in herself and her husband, with an absolute fee in the survivor. The facts in this matter, therefore, are different from those in *Matter of Klatzl*, and that decision is not controlling in the determination of the question presented by the appeal of the executor.

As it is not contended that this transfer was a gift

made in contemplation of death, and as the conveyance on its face purports to show that it was made for a valuable consideration, it seems to me that the interest which passed to decedent's husband by virtue of the conveyance, and which included the right to the possession of the property in fee simple in the event of his surviving the decedent, is not subject to a tax under the provisions of the Transfer Tax Law. *Matter of Heiser, supra; Matter of de Escoriaza,* 87 Misc. Rep. 515. The appeal on this point is sustained.

During the months of October and November, 1914, the decedent, who was then the owner of certain bonds and mortgages aggregating $11,500, transferred to her husband " in consideration of one dollar and other good and valuable consideration " an undivided one-half interest in the various bonds and mortgages, so that they should hold the same as joint tenants and not as tenants in common, and so that the survivor should have the absolute title to and ownership in the bonds and mortgages. On November 5, 1914, James Horler, the decedent's husband, being then the owner of a bond and mortgage in the sum of $16,000, assigned and transferred to the decedent, for good and valuable consideration, an undivided one-half interest therein, and provided in the assignment that he and the decedent should hold it as joint tenants and not as tenants in common, with absolute title to the survivor. The appraiser included the entire value of these bonds and mortgages in the taxable assets of decedent's estate. I am inclined to think that this was error, as the right of the husband to the bonds and mortgages was derived from the instruments executed by him and the decedent, which transferred their respective interests in the bonds and mortgages for a valuable consideration to themselves as joint tenants. The right of the survivor to the bonds and mortgages being

derived from a contract entered into for a valuable consideration, it is not subject to a transfer tax. *Matter of Heiser, supra,* and cases there cited.

At the time of decedent's death there was an account in the Emigrant Industrial Savings Bank for $3,000 in the name of " James Horler or wife, Mary Horler, or the survivor." This account was opened on April 1, 1910, by James Horler, who deposited $3,000 of his own money in the names of himself and his wife. There was also in the Irving Savings Institution an account of $3,000 in the name of " James Horler or Mary Horler, his wife, joint account payable to either or the survivor." This account was also opened with money which belonged to James Horler. The appraiser included these accounts in the taxable assets of decedent's estate. These accounts are not subject to a tax (*Matter of Thompson,* 167 App. Div. 356; affd., 217 N. Y. 609; *Matter of Dalsimer,* 167 App. Div. 365; affd., 217 N. Y. 608), unless chapter 664 of the Laws of 1915, which amended section 220 of the Tax Law so as to tax intangible property held in the joint names of two or more persons, either as tenants by the entirety or joint tenants, is retroactive. The bank accounts were opened prior to May 20, 1915, the date when the amendment effected by chapter 664 of the Laws of 1915 went into effect. Unless, therefore, chapter 664 of the Laws of 1915 is retroactive it cannot affect interests which had accrued prior to the time when it became a law. In *Matter of Thompson, supra.* the court said, at page 360: " The transaction was complete in each instance when the money was deposited in their joint names, and did not, therefore, constitute a gift intended to take effect at or after the death of the decedent."

In the matter under consideration the rights of the decedent and her husband in the money deposited in

Surrogate's Court, New York County, November, 1916.    [Vol. 97.

the banks in their joint names were fixed at the time the bank accounts were opened. The right of the husband to the entire amount in the event of his surviving the decedent was derived from the transaction which resulted in the opening of the joint accounts. It was not derived from her will, or under the intestate laws, or because of her death. This right having been acquired by the decedent's husband prior to the time when chapter 664 of the Laws of 1915 went into effect, **it could not be** subjected to the succession tax which that amendment purports to impose. The right having once been acquired, it could not be impaired or diminished by any subsequent legislative enactment that did not conform to the constitutional requirements in regard to taking private property for public use. A statute which imposed a transfer tax upon a right which had accrued prior to its enactment would, in effect, impose a tax upon property and not a tax upon succession to property, and would be in violation of section 6, article 1, of the Constitution of the state of New York. If chapter 664 of the Laws of 1915, amending section 220 of the Tax Law, were given a retroactive effect so as to tax interests which had vested prior to its enactment, it would be unconstitutional. *Matter of Pell,* 171 N. Y. 48.

I am inclined to think, therefore, that the bank accounts, which were held in the joint names of decedent and her husband prior to the enactment of chapter 664 of the Laws of 1915, did not constitute any part of the estate of the decedent subject to the provisions of the Transfer Tax Law. The order fixing tax will, therefore, be reversed and the appraiser's **report** remitted to him for correction as indicated.

Order reversed.