Matter of the Appraisal of the Estate of SAMUEL E. MAGUIRE, Deceased.

(Surrogate's Court, Suffolk County, March, 1917.)

Transfer tax — when opening of joint deposit account in bank not subject to — taxes — evidence — Tax Law, § 220, as amended in 1915 and 1916.

Where a joint deposit account in a bank was opened in the name of decedent and another, subject to the check of either or survivor, prior to the amendments of 1915 and 1916 to section 220 of the Tax Law, which provides that, whenever property is held in the joint names of two or more persons payable to either or the survivor, upon the death of one the right of the surviving joint tenant shall be deemed a transfer taxable under the statute, said statute as so amended cannot be given a retroactive effect, and the deposit in question is not subject to a

transfer tax it not being part of the estate of decedent nor a gift made in contemplation of death.

While since as well as before said amendments to section 220 of the Tax Law the state comptroller may prove the ownership of the deposit in the decedent, no transfer tax can be imposed in the absence of such proof.

PROCEEDING upon petition asking that a joint account be exempted from a tax.

John R. Vunk, for Mary L. Maguire.

William H. Robbins, for State Comptroller.

STRONG, S. A petition is filed on notice to the state comptroller asking that a joint deposit account in the Patchogue Bank in the name of decedent, Samuel E. Maguire, and Mary L. Maguire, subject to check by either or the survivor, be declared exempt from tax under the laws relating to taxable transfers of property, the bank having refused to pay the deposit upon the demand of the survivor without the consent of the state comptroller.

The state comptroller has appeared and objects to the granting of the order, claiming that section 220 of the Transfer Tax Laws, as amended by Laws of 1915, chapter 664, and Laws of 1916, chapter 323, provides for a transfer tax on money deposited in banks in the joint names of two or more persons, payable to either or the survivor. The claim is that the right of the survivor to the ownership of such accounts is a taxable transfer.

Section 220 of the Tax Law, as amended by Laws of 1916, chapter 323, reads as follows:

"§ 220. Taxable transfers. A tax shall be and is hereby imposed upon the transfer of any tangible property within the state and of intangible property, or of any interest therein or income therefrom, in

Surrogate's Court, Suffolk County, March, 1917. [Vol. 99.

trust or otherwise, to persons or corporations in the following cases, subject to the exemptions and limitions hereinafter prescribed:

"7. Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will."

The section and all the different subdivisions of this section 220 of the Tax Law relate to transfers of property, whether tangible or intangible. Subdivision 7, under which it is sought to tax this joint account, recites that "Whenever property is held in the joint names of two or more persons * * * payable to either or the survivor, upon the death of one of such persons the right of the surviving * * * joint tenants, * * * shall be deemed a transfer taxable under the provisions of this chapter."

The added subdivision clearly provides that in case of the death of one joint tenant the right of the surviving joint tenants shall be deemed a transfer taxable under the act. It attempts to include interests within the provision of the Transfer Tax Law by legislative fiat. If one of several joint tenants dies, it

decrees that a transferable interest passes to the others and that a tax shall be imposed. No provision is made by definition or otherwise as to the proportion or rate of tax to be divided between the remaining joint tenants should they be of different degrees of relationship; but a tax must be imposed as though the whole property belonged absolutely to the joint tenant who shall first die. Is there an interest which passes and which can be made a transfer subject to tax by legislative fiat?

If there is a transfer taxable under section 220 of the Tax Law as amended, this account is liable to it. The rights of the joint depositors were fixed at the time of opening the deposit. At the death of one of the depositors an estate could not pass by will or by intestate laws. In *Matter of Thompson,* 167 App. Div. 356; affd., 217 N. Y. 609, the court said (at p. 360): "The transaction was complete in each instance when the money was deposited in their joint names, and did not, therefore, constitute a gift intended to take effect at or after death of decedent." In *Matter of Dalsimer,* 167 App. Div. 365; affd., 217 N. Y. 608, the court said (at p. 367): " The title to such securities was in them as joint tenants and from that time until the decedent's death neither he nor his wife had the exclusive title; on the contrary, each had a 'unity of interest, unity of title, unity of time and unity of possession ' (17 Am. & Eng. Ency. of Law [2d ed.], 649) — all the essentials necessary to create a joint tenancy, and which, once created, carried with it the right of survivorship. It is by reason of this right that it has been held that the interest of a joint tenant is not descendible and cannot be devised by will. No right passes by the death of one of the joint tenants and its only effect is to vest the entire title in the survivor."

In this account either of the joint tenants had the right of withdrawal during the life of both and the survivor survived in his right at the death of the other. Joint tenancy differs from tenancy by entirety in that during the life of both either of the joint tenants may withdraw without the assent of the other any part of the account, or the whole, and thus close the account. The right of the survivor to take the entire property is not a gift from one joint tenant to another, but a right of contract entered into between them when creating the joint tenancy at the time of making the deposit. It is a right which survives, not a transfer of interest which passes. It cannot be subjected to tax as a transfer of tangible or intangible property. The state comptroller since, as well as before, the amendment may prove the ownership in the deceased; but there is no presumption of ownership in the deceased and in the absence of proof no tax can be imposed.

Another objection enters. This deposit was made prior to the amendment of 1915 (Laws of 1915, chap. 664). The rights of the parties were fixed at the time of the change of the law and the amendment cannot be given a retroactive effect. *Matter of Horler,* 97 Misc. Rep. 587.

The bank account not being a part of the estate, nor gift made in contemplation of death, is not subject to the provisions of the Transfer Tax Law.

Decreed accordingly.