Matter of the Estate of ISIDOR WORMSER, JR., Deceased.

(Surrogate's Court, New York County, February, 1918.)

Transfer tax — what not subject to — real estate — deeds — husband and wife.

Where a husband conveys real estate to himself and wife "their survivor and the heirs of such survivor and assigns forever," the entire estate upon his death vests in his wife who survived him, and is not subject to a transfer tax.

APPLICATION declaring exempt from taxation the interest of decedent in certain real property.

Hoadly, Lauterbach & Johnson, for Angie L. Wormser.

Lafayette B. Gleason, for state comptroller.

FOWLER, S.   This is an application to declare exempt from taxation the interest of the decedent in the premises situated at No. 26 West Fifty-fourth street, in the borough of Manhattan, city of New York. Prior to the 1st of May, 1911, the decedent was the owner in fee of the premises. On that day he executed a deed by which he conveyed the premises to himself and

Angie L. Wormser, " their survivor and the heirs of such survivor and assigns forever." Although Angie L. Wormser is not described in the deed as the wife of the decedent herein, it is alleged in an affidavit submitted on this application that she was his wife at the time the deed was executed. Whether the deed executed by the decedent on the 1st day of May, 1911, made himself and his wife tenants by the entirety of the premises is a question that has not yet been decided by our courts. In *Matter of Klatzl,* 216 N. Y. 83, where the deed executed by the husband to himself and wife provided expressly that the conveyance was to them as tenants of the entirety, three of the judges decided that the husband and wife held as tenants in common, while three decided that they held as tenants by the entirety. In the recent case of *Matter of Horler,* 97 Misc. Rep. 587, Mary Horler, who was the owner of certain real estate, conveyed to her husband an undivided one-half interest " so that the party of the first part and the party of the second part shall hold and own the same. as joint tenants, and so that the survivor shall take the absolute title." Whatever difference may exist in the form of conveyance between the deed in *Matter of Horler* and the deed in the matter under consideration, they are identical in vesting the entire estate in the survivor. It was held in *Matter of Horler* that the interest which accrued to the survivor upon the death of the joint tenant was not subject to a tax. I am inclined to think that *Matter of Horler* is controlling upon the question presented by the application under consideration, and that no tax accrued upon the value of the premises No. 26 West Fifty-fourth street, because of the death of the decedent.

Decreed accordingly.