In the Matter of the Estate of EDWARD FAIRBAIRN, Deceased. GEORGE G. DAVIDSON, JR., et al., as Executors of EDWARD FAIRBAIRN, Deceased, et al., Appellants; LILLIAN C. FAIRBAIRN, Respondent.

Fourth Department, January 27, 1943.

*Charles A. White* for Edward J. Fairbairn, appellant.

*Davidson, Howder & Henderson* for George G. Davidson, Jr., et al., as executors, etc., appellants.

*Keith G. Farner* for respondent.

McCurn, J. Edward Fairbairn for many years prior to his death was an employee of Adam, Meldrum & Anderson Co., Inc., hereinafter referred to as the Corporation. This Corporation conducted a department store in the city of Buffalo. For many years Mr. Fairbairn, in common with other officers and employees of the Corporation, made loans to the Corporation, often leaving his salary, or a portion thereof, with the Corporation. These loans made by Mr. Fairbairn were carried on the Corporation's books as a credit to Mr. Fairbairn.

On February 27, 1940, Mr. Fairbairn executed and delivered to Weldon D. Smith, the treasurer of the Corporation, the following memorandum:

" To: Adam, Meldrum & Anderson Co., Inc. You are hereby directed and authorized to pay all sums of money now or hereafter left with your company to the credit of the undersigned, Edward Fairbairn, to either Edward Fairbairn or Lillian C. Fairbairn or the survivor, and to no other person, and to honor demands made in writing signed by either Edward Fairbairn or Lillian C. Fairbairn, or the survivor.

Dated at Buffalo, New York, this 27th day of February, 1940.
                              (Signed)      Edward Fairbairn.

Witness:
(Signed)     Weldon D. Smith."

Thereafter the account which was previously carried in the name of Edward Fairbairn was changed to read " Edward

Fairbairn and L. C. Fairbairn.'' Mr. Fairbairn died about eleven months after the account was changed in this manner and executors were appointed under his last will and testament.

This proceeding was commenced in the Surrogate's Court of Erie county for an adjudication as to the title to the moneys in the hands of the Corporation. A trial was had before the Surrogate who rendered a decision that the moneys in question were the joint property of Edward Fairbairn and Lillian Fairbairn with the right of survivorship in Mrs. Fairbairn. This appeal is taken from a decree entered upon that decision.

The original relationship between Mr. Fairbairn and the Corporation was that of debtor and creditor. The Corporation's debt to Mr. Fairbairn rested upon its contractual obligation to pay him. When Mr. Fairbairn executed and delivered the instrument of February 27, 1940, and the Corporation changed its ledger sheets in accordance therewith, a new contract arose whereby the Corporation agreed to pay either Mr. or Mrs. Fairbairn or the survivor of them. The original contract to pay Mr. Fairbairn alone became discharged, and the new contract to pay either or survivor, was substituted in its place. The consideration for the new contract was the discharge of the old. It is a case of novation. Mrs. Fairbairn became a donee beneficiary. Her rights accrued and were indefeasible upon the making of the new contract. (*Knowles* v. *Erwin,* 43 Hun, 150; affd., 124 N. Y. 633; see Williston on Contracts [Rev. ed.], Vol. 6, Chap. LV, Vol. 2, Chap. XIV; Restatement, Law of Contracts, § 133.)

While Mrs. Fairbairn was not a party to the contract and parted with no consideration, our courts have held that the moral obligation of a husband to provide for his wife furnishes a sufficient consideration for such a contract. (*Buchanan* v. *Tilden,* 158 N. Y. 109; *DeCicco* v. *Schweizer,* 221 N. Y. 431; *Seaver* v. *Ransom,* 224 N. Y. 233.)

This is not a testamentary disposition. Both husband and wife had rights under the contract during their joint lives. The wife's rights became fixed when the contract was made and not upon the death of her husband. While the death of the husband determined who is ultimately entitled to collect the debt, it is all by virtue of the agreement and relates back to the time of its making. (*Matter of Tilley,* 166 App. Div. 240, 243.)

We are also of the opinion that the contract referred to applied to and included the unpaid salary of Mr. Fairbairn for the final six months' period.

The decree of the Surrogate's Court should, therefore, be affirmed, without costs of this appeal to any party. Appeal of executors dismissed.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Decree affirmed, without costs of this appeal to any party. Appeal of executors dismissed.