In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK et al., as Executors of FREDERICK S. PENDLETON, Deceased.

Surrogate's Court, Kings County, June 21, 1954.

*Smith, Ranscht, Mitchell & Croake* for executors, petitioners.

*Lott & Livingston* for Marion P. Pratt, respondent.

*George Rosling,* special guardian.

RUBENSTEIN, S.  The special guardian questions the construction of paragraph " First " of the will adopted by the executors.  Their construction has resulted in the payment by them out of the general estate of taxes on a certain parcel of real property which was no part of the testamentary estate but which was included in the taxable estate for tax purposes.  Title to such real property had been taken in joint tenancy by testator and one of his daughters before the making of the will.

Paragraph " First " reads as follows: " I direct my Executors hereinafter named to pay all of my just debts, funeral and testamentary expenses as soon after my decease as possible, and I direct that all estate, transfer and/or inheritance taxes be paid from my estate so that those to whom I may hereafter make gifts may receive such gifts free from the payment of such tax."

Testator's language, in the opinion of the special guardian, does not contain the clearly expressed direction necessary to override the mandate of section 124 of the Decedent Estate Law requiring apportionment.  The executors and testator's daugh-

ter on whom an apportioned tax would fall are of the opinion that, since the property was in fact taxable, the gift took place at the time of testator's death and, further, in any event the direction contained in the will requires that the general estate be burdened with the taxes on all property included in the taxable estate. An affidavit of the attorney-draftsman is submitted setting forth statements by testator with respect to taxes.

The nature and incidents of joint tenancy appear to be well settled. "Historically, it was accepted theory that each joint tenant owned the whole. Hence the death of a joint tenant eliminated a potential claim of another, but gave the surviving joint tenant nothing which he had not already had. This provided what might have become a substantial loophole in death taxation" (4 Powell on Real Property, § 619, p. 648). The effective closing of this loophole by the taxing authorities, nevertheless, regardless of the impact of the tax laws, did not change the legally recognized character of the relationship or the legally fixed results arising from it. The surviving joint tenant took nothing from the other tenant on his death. She took by right under the conveyance by which the joint tenancy was created (48 C. J. S., Joint Tenancy, § 1, p. 911). "The right of survivorship vests in the creation of the joint tenancy, and the only question determined by death is which shall take the entire estate" *(Matter of Tilley,* 166 App. Div. 240, 242, affd. 215 N. Y. 702). From the viewpoint that the portion of the estate vested in the testator passed on his death to his daughter, it did not pass by will or by inheritance or by gift but by force of the instrument creating the joint tenancy and the transfer which became fully determined at his death related back to the creation of the estate *(Matter of Tilley, supra; Matter of Lyon,* 233 N. Y. 208; *Matter of Dalsimer,* 167 App. Div. 365, affd. 217 N. Y. 608; *Matter of Fairbairn,* 265 App. Div. 431; *Matter of Lorch,* 33 N. Y. S. 2d 157; see, also, note 1 A. L. R. 2d pp. 1122–1123). Thus, whatever gift there may have been was a gift created at the time of taking title. There was no gift thereafter.

As to nontestamentary gifts, testator's language is clear that only those made after the making of his will were to be relieved of the incidence of the tax. The court finds it impossible to read into his language an intention directly opposed to what he said. The court holds that his clearly expressed intention was to exclude from the operation of section 124 of the Decedent Estate Law only those gifts made after the execution of his will. The real property in question here was not such a gift. Moreover, the surrounding circumstances and testator's state-

ments to which attention has been called are insufficient to overcome the effect of testator's own language *(Matter of James,* 199 Misc. 44; *Matter of Lemmerman,* 199 Misc. 49; *Matter of Mills,* 272 App. Div. 229, affd. 297 N. Y. 1012; *Matter of Bull,* 175 Misc. 197; *Matter of McEnany,* N. Y. L. J., June 20, 1949, p. 2188, col. 6).

The court therefore construes paragraph '' First '' of the will as exonerating from apportionment directed by section 124 of the Decedent Estate Law only what is expressly within its terms. The court holds that the real property held in joint tenancy does not come within the provision for exoneration in the said paragraph. Consequently, the tax attributable thereto was paid in error from the funds of the general estate.

The compensation of the attorneys for the executors for legal services rendered to the estate is fixed and allowed in the sum requested. Such compensation is for all services rendered and to be rendered to and including the entry of the decree herein and distribution thereunder.

Proceed accordingly.