Jerome **CHAMBERLAIN, Ind. Ex'r, Estate of Wm. E. Robinson, Dec'd, Appellant,**

v.

Ralph L. **ROBINSON, Appellee.**

No. 15314.

Court of Civil Appeals of Texas.

Dallas.

July 26, 1957.

Rehearing Denied Oct. 11, 1957.

Rachael & Smith, Dallas, for appellant.

Hemphill & Hemphill, Barney B. Hemphill, Dallas, for appellee.

CRAMER, Justice.

This is an action for Declaratory Judgment by Jerome Chamberlain, Independent

Executor of the Estate of Wm. E. Robinson, deceased, against Ralph L. Robinson to settle and declare the rights of the parties to certain registered U. S. Savings Bonds, to-wit, to declare twenty Series E $1,000 maturity value bonds and fourteen Series E $500 maturity value bonds, purchase price in March 1954 having been $20,250, the bonds having been purchased by Wm. E. Robinson during his lifetime, registered on a co-ownership form in the name of Wm. E. Robinson or Ralph L. Robinson, on the Government's co-ownership form, are the property of the legatees and distributes of the Estate of Wm. E. Robinson, deceased; or in the alternative, if it be determined that the legal title is in Ralph L. Robinson, then the equitable title to the proceeds of the bonds to be in the legatees and distributees of the Estate of Wm. E. Robinson and that Ralph L. Robinson holds said proceeds for their use and benefit to be distributed in accordance with the last will of Wm. E. Robinson, deceased.

Appellee Ralph L. Robinson defended in the trial court, answered by general denial and that he has survived Wm. E. Robinson, now deceased, and under the co-ownership clause is now the owner of the bonds and they do not belong to the Estate of Wm. E. Robinson, deceased.

Trial to the court without a jury resulted in a judgment for appellee Ralph L. Robinson for title and possession as the sole and absolute owner of the said bonds. From such judgment appellant Executor has duly perfected this appeal, here briefing four points of error.

Points 1, 2 and 3, briefed together, assert in substance error of the trial court in failing (1) to hold the bonds or their proceeds belong to the legatees and distributees of Wm. E. Robinson, deceased; (2) to hold the equitable title to the proceeds of the bonds belongs to the legatees and distributees of Wm. E. Robinson and that Ralph L. Robinson holds such proceeds as a resulting trustee for their use and benefit; and

(3) to hold Ralph L. Robinson has been unjustly enriched to the extent of $20,250, the amount of the consideration expended by Wm. E. Robinson, now deceased, for the bonds and that Ralph L. Robinson holds this amount of the proceeds of the bonds for the use and benefit of the legatees and distributees of Wm. E. Robinson, deceased. These points are countered that (1) since the bonds expressly incorporate therein certain regulations which constituted a contract between the Federal Government and the purchaser, that appellee Ralph L. Robinson would be the absolute owner thereof if he survived the deceased without the same having been surrendered for payment or reissue, and appellee did so survive the deceased, therefore the trial court did not err in holding appellee to be the absolute owner thereof; (3) since the provisions of the bonds were authorized by the Second Liberty Loan Fund Act of Congress and amendments thereto which provide that no judicial proceeding will be recognized if it attempts to defeat or impair the rights of survivorship conferred by said regulation upon the surviving co-owner, it was incompetent and contrary to law to modify the ownership or interest thereby shown by testimony concerning any oral conversation on the occasion of the bond purchase between a Banker and purchaser; and (4) since it is contrary to public policy of the United States to name as co-owner in said bonds one who as a fact was not such co-owner but acting as trustee for the estate of the other co-owner, it is incompetent and contrary to such public policy to modify the ownership or interest in said bonds expressly therein shown, by testimony concerning any oral conversation on the occasion of the bond purchase between a Banker and a purchaser; and (5) the testimony of appellant at the hearing on the 29th day after the date of the judgment was not sufficient when taken from the record to raise an issue as to whether or not the estate of Wm. E. Robinson, deceased, owned or had any interest in the bonds here involved.

The bonds in question contained the following provisions, material here, under the heading "Payment Instructions"—"To receive payment, the registered owner or co-owner may personally present this bond * * * and on proper identification and signing a request for payment, may receive immediate payment * * *." And under the heading of "Terms and Conditions" it is stated: "This bond is issued pursuant to Treasury Department Circular No. 653, Third Revision, and is subject to the terms and conditions thereof and the regulations prescribed thereunder as fully as if herein set forth * * *."

Under Circular No. 653, Third Revision, either the deceased before his death or Ralph L. Robinson could present the bonds for payment and collect the same; after his death they were the property of and payable to the survivor under the Federal statute and regulations and were no part of the estate of the deceased. McFarland v. Phillips, Tex.Civ.App., 253 S.W. 2d 953, and authorities there cited.

If the bonds were no part of the deceased's estate, such estate as the alternate payee in the bonds had no interest therein and Ralph L. Robinson as the surviving alternate payee in the bonds was entitled thereto and the owner thereof, and not a trustee of the proceeds of the bonds for the heirs and beneficiaries under the will of the deceased co-owner.

We must therefore hold under the record here that there was no resulting trust in favor of the legatees and distributees of the estate of Wm. E. Robinson, deceased. Points 1, 2 and 3 are overruled.

Point 4 asserts error in the trial court's refusing to permit the appellant to testify as to a conversation between Wm. E. Robinson and a Banker concerning the reasons for adding the name of Ralph L. Robinson as a payee in the bonds; countered that there was no error in sustaining objections to the evidence of appellant as to the substance of the claimed conversation since he was not called to testify by the opposite party; citing Art. 3716, V.A.C.S. Since the independent executor is a party to this suit in his representative capacity here, we must overrule the attack here made.

 The rule prohibiting parties from giving testimony as to transactions with, or statements by, deceased, is applicable to an executor or administrator who is a party to the suit. Simpson v. Brotherton, 62 Tex. 170; McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421.

Point 4 is overruled.

Finding no error in the trial court's judgment, it is

Affirmed.