Robert S. **CALVERT**, Comptroller et al.,
Petitioners,

v.

Maurice **WALLRATH**, Individually and as
Independent Executor, Respondent.

No. B–1677.

Supreme Court of Texas.

July 29, 1970.

Crawford Martin, Atty. Gen., Fisher A. Tyler, Asst.Atty.Gen., Austin, for petitioners.

V. R. Campbell and Harry A. Nass, Jr., San Antonio, for respondent.

SMITH, Justice.

This is a suit filed by Maurice Wallrath, Individually and as Independent Executor of the Estate of Virginia Wallrath, deceased, against Robert S. Calvert, State Comptroller of Public Accounts, Jesse James, Treasurer of the State of Texas, and the Honorable Crawford Martin, Attorney General of Texas, defendants, for a refund of $550.36 inheritance taxes paid under protest. For convenience, we shall refer to the petitioners, Calvert et al., as the defendants, and to the respondent Wallrath as the plaintiff. The trial court, without the intervention of a jury, entered judgment that the plaintiff take nothing. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment remanding the cause to the trial court for a new trial. Tex.Civ.App., 442 S.W.2d 884. We modify the judgment of the Court of Civil Appeals and remand the cause to the trial court with instructions to render judgment for the plaintiff.

The plaintiff and the defendants have both filed applications for writ of error and both writs were granted. The facts are undisputed. The plaintiff and defendants stipulated, and the trial court so found, that the plaintiff with separate funds opened a checking account and a saving account in the Frost National Bank of San Antonio, Texas, in the name of Maurice Wallrath and his sister, Virginia Wallrath; Virginia was a feme sole; both accounts were joint accounts with right of survivorship; the checking account was opened on November 19, 1965; the savings account was opened on January 10, 1966; both Maurice and Virginia signed the joint checking account and savings account signature cards; Virginia made no deposits in either account and made no withdrawals from either; Virginia died on August 3, 1966, and her estate is being administered by Maurice Wallrath, as Independent Executor.

*Plaintiff's Application*

■ We first consider plaintiff's application for writ of error. The principal question posed by this case has never been decided in this state; that question is whether in

the case of a joint and survivorship bank account the surviving joint owner acquires any interest subject to inheritance taxation upon the death of the other joint owner. The statute expressly imposes a tax upon:

"All property * * *, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment * * *, including the proceeds of life insurance * * *, which shall pass absolutely or in trust by will or by the laws of descent or distribution * * *, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor * * * [and upon] any transfer * * * made in contemplation of death." Tex. Tax.-Gen. art. 14.-01 (1969), V.A.T.S.

Plaintiff, upon the death of his sister, was again the sole owner of the funds in this account. Clearly he did not become so under a power of appointment, by his sister's will or the laws of descent and distribution, and there was no transfer in contemplation of death. If, therefore, the inheritance tax statute reaches plaintiff's interest in the funds, it must be that he acquired his interest as a gift intended to take effect at his sister's death. We hold that he did not so acquire any interest in the fund, and that the surviving joint owner's interest is not taxable under the statute above.

We have had occasion in the past to consider the legal effect of joint accounts, with the right of survivorship. In Davis v. East Texas Savings & Loan Asso., 163 Tex. 361, 354 S.W.2d 926 (1962), we considered such an account, which had been created by Mr. Davis with his separate funds; the account listed Mr. and Mrs. Davis as joint tenants with the right of survivorship. After Mr. Davis' death, his daughter by a previous marriage, who had been named with Mrs. Davis as a residuary legatee under Mr. Davis' will, claimed ownership of one-half the account. We held that Mrs. Davis was the owner of the entire account, under the terms of the joint tenancy contract with the bank:

"When the contract was made by L. L. Davis with East Texas, Mrs. Davis was thereby vested with a present, though defeasible, interest in the deposit. * * * [W]hen Mr. Davis died she became the owner of full title to the deposit." 354 S.W.2d at 931.

See also Johnson v. Johnson, 306 S.W.2d 780 (Tex.Civ.App.—Amarillo 1957, writ ref'd). And compare Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945), in which we squarely rejected the proposition that a surviving joint tenant takes full ownership by gift intended to take effect at death. The property in question in that case was U.S. Savings Bonds which were jointly owned, and we held that the survivor took full title under the valid third party beneficiary contract which was complete when the bonds were purchased. See also Chamberlain v. Robinson, 305 S.W.2d 817 (Tex.Civ.App.—Dallas 1957, writ ref'd).

Although this question has not been decided by the courts of Texas, it has been considered extensively in other jurisdictions, particularly New York. The New York statute which governed the cases discussed herein was virtually identical to our own, taxing property which was transferred by will or the laws of descent and distribution, and transfers of property intended to take effect at death. The leading case construing that statute is In re Tilley's Estate, 166 App.Div. 240, 151 N.Y.S. 79, 80–81 (1915), aff'd 215 N.Y. 620, 109 N.E. 1094 (1915), which also involved a joint bank account with right of survivorship. The court, as did this Court in the cases above, treated the account as a joint tenancy, and held that the attributes of joint tenancy remove the survivor's interest from the reach of the statute:

"[J]oint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same

undivided possession. Neither can be exclusively seised of any particular part of the property, and is cotenant of the other; but each has an undivided moiety of the whole, and not the whole of an undivided moiety. 17 Am. & Eng.Ency. of Law, 650. No right passes by the death of one of the parties, and the intent appears * * * to create the joint tenancy, its effect is to vest title in the entire fund in the survivor. * * *"

"The right of survivorship vests in the creation of the joint tenancy, and the only question determined by death is which shall take the entire estate. Under such circumstances it is clear that there is no succession to be taxed, for it was not made 'in contemplation of death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death.' The possession is given upon the creation of the estate, the rights are absolutely and conclusively fixed, and the only question which is contingent is which of two or more joint tenants shall eventually own the entire estate. But each is in full possession, each has full ownership as against all the world, with the exception of the equal right of the others, and the transfer, which becomes fully determined at the death of one of two joint owners, relates back to the creation of the estate. It was then that the rights vested, and the death only determines which shall be the gainer by the transaction. While there might be a joint tenancy created which would be so obviously fraudulent in its inception as to take it out of the general rule, we are persuaded that where an account is created in the manner permitted by the Banking Law, with all of its incidents known and recognized in the law, it cannot be presumed that there was any other intention than that which the law ascribes to such an act, and that property thus disposed of is not 'made in contemplation of death,' as that language is understood in the jurisprudence of this state, nor

'intended to take effect in possession or enjoyment at or after such death.'"

This reasoning was followed by In re Dalsimer's Estate, 167 App.Div. 365, 153 N.Y.S. 58 (1915), In re Lorch's Estate, 33 N.Y.S. 2d 157 (Misc. 1941), In re Fairbairn's Estate, 265 App.Div. 431, 40 N.Y.S.2d 280 (1943), and In re Pendleton's Estate, 206 Misc. 390, 132 N.Y.S.2d 285 (1954). But see In re Kline's Estate, 65 Misc. 446, 121 N.Y.S. 1090 (1909); In re von Bernuth's Estate, 143 N.Y.S. 672 (Sur.Ct.,1913); In re Reed's Estate, 89 Misc. 632, 154 N.Y.S. 247 (1915).

The New York courts are not alone in having arrived at this construction. The following cases, all construing statutes similar to ours, also hold the surviving joint tenant's interest not taxable. McDougal v. Boyd, 172 Cal. 753, 159 P. 168 (1916), held the survivor's interest in a joint bank account not taxable. Attorney General v. Clark, 222 Mass. 291, 110 N.E. 299 (1915), dealt with a joint tenancy in real estate and bank accounts between two sisters to which each sister had contributed one-half, and held the survivor's interest not taxable. In re Renz's Estate, 338 Mich. 347, 61 N. W.2d 148 (1953), held that a surviving niece could not be taxed on the interest she acquired by surviving her uncle, who had instituted the account. Smith v. Douglas County, 254 F. 244 (8th Cir. 1918), err. dism'd 253 U.S. 274, 40 S.Ct. 485, 64 L.Ed. 1019 (1919), considering Nebraska law, held that property owned jointly by two brothers was not taxable when it became solely the survivor's property. See also In re Huggins' Estate, 96 N.J.Eq. 275, 125 A. 27 (1924), aff'd sub nom. Fairleigh v. Bugbee, 3 N.J.Misc. 1072, 130 A. 923 (1925), aff'd 103 N. J. L. 182, 134 A. 917 (1926).

■ The defendants, in a supplemental brief, argue essentially that if joint accounts are held not taxable under art. 14.-01, a loophole in the tax structure will have been created. As was said in the case of In re Tilley's Estate, 166 App.Div. 240, 151 N.Y.S. 79, 81, this Court is with-

out power to enlarge upon the scheme of taxation. It is a matter strictly for the Legislature to consider. The New York Legislature did respond to the *Tilley* case and comparable cases by enacting a statute which deems the acquisition of full title by survivorship to be a transfer under the inheritance tax statute. That statute and similar statutes of other states have been upheld. Annotation, 1 A.L.R.2d 1101. Such a remedial statute is the appropriate method to avoid tax evasion and should be followed rather than adopting a rule by this Court which would ignore a major element of joint tenancy, that all joint tenants take full title to the property by the instrument creating the joint tenancy.

Plaintiff's two remaining points are directed at the ruling of the Court of Civil Appeals on questions as to the admissibility of testimony of the plaintiff to show the intent of the parties in creating the joint survivorship accounts. Plaintiff contends that the testimony was admissible, whereas, the defendants contend in their application for writ of error that the testimony is not admissible. Our disposition of the principal question, renders it unnecessary to pass upon these points, as well as the questions raised in the defendants' application for writ of error.

We come now to the judgment to be entered. Stipulations 12 and 13 are that plaintiff paid the sum of $550.36 under written protest within the time allowed by law and in the manner required by law. The plaintiff prayed for a refund of the sum paid under protest together with interest at the legal rate from the date of payment of $550.36 until refunded by the defendants. The judgment of the Court of Civil Appeals remanding the cause to the trial court for a new trial is modified and affirmed to the extent that this Court remands the cause to the trial court with instructions to enter judgment for the plaintiff in accordance with this opinion. All costs are adjudged against the State.