BETKER v. IDE.

1. BANKS AND BANKING—COMMERCIAL DEPOSITS—"AND/OR" AC-
COUNT—STATUTES.
Bank deposit in commercial department of funds belonging
to deceased in name of deceased "and/or" plaintiff without
words of survivorship was not such an account as comes
within the purview of statute creating a presumption of
ownership in the survivor (CL 1948, § 487.703).

2. SAME—PRESUMPTION OF OWNERSHIP IN JOINT ACCOUNT—SUR-
VIVORSHIP.
Statutory presumption of ownership of joint bank account in
survivor is rebuttable (CL 1948, § 487.703).

3. .SAME—CLAIM OF SURVIVOR IN COMMERCIAL ACCOUNT—EVIDENCE.
Evidence in action by survivor of 2 parties in whose 2 names
commercial bank account was held but which consisted of
funds furnished solely by the deceased held, insufficient to es-
tablish prima facie case for claim of plaintiff thereto.

4. SAME—ACCOUNT—WILLS—EVIDENCE.
Will of deceased woman who had furnished funds for com-
mercial bank account in name of herself "and/or" plaintiff
and which made express provision for disposition of the
fund was properly excluded in action by survivor against
administrator of deceased's estate, where it had been made
some time after the account had been so placed in the
names of such 2 persons.

5. SAME—WITNESSES.
Testimony of plaintiff's mother must be accepted as true in
action against administrator to recover proceeds of bank
account which had been in name of deceased "and/or"
plaintiff, where trial judge had believed testimony of the

---

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 7 Am Jur, Banks § 426 et seq.
[1–6] Deposit of fund belonging to depositor in bank account in
name of himself and another.    48 ALR 189; 66 ALR 881;
103 ALR 1123; 135 ALR 993; 149 ALR 879.
Parol evidence rule as applied to deposit of funds in name of
depositor and another. 149 ALR 862.

mother, notwithstanding she was not a wholly disinterested witness.

6. SAME—COMMERCIAL ACCOUNT—GIFTS—EVIDENCE.

Evidence in action against administrator to recover proceeds of commercial bank account which had stood in name of deceased "and/or" plaintiff *held*, insufficient to establish that a gift thereof to plaintiff had been made at time account was opened.

7. SAME—COMMERCIAL ACCOUNT—FINDING OF TRIAL JUDGE.

Trial court's holding that plaintiff, niece of defendant's decedent, was entitled to one-half of commercial bank account which had been placed in names of decedent "and/or" plaintiff, as a tenant in common, refuted the claim of survivorship.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 14, 1952. (Docket No. 66, Calendar No. 45,615.) Decided December 9, 1952.

Action by Beatrice Betker against Edwin C. Ide, executor of the estate of Ida L. Warner, deceased, to recover amount of joint deposit. Judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*George B. Wells,* for plaintiff.

*Edwin C. Ide, in pro. per.*

BUTZEL, J. Ida L. Warner was a former resident of Almont, Michigan, where she owned some property. She had sold a farm near Almont on land contract before moving to Detroit. Beatrice Betker, plaintiff, is the daughter of Mrs. Minnie Betker, who had been a friend of Mrs. Warner for many years. For a time Mrs. Warner and Mrs. Betker owned farms in the same neighborhood; they were also distantly related through marriage. Mrs. Warner also knew plaintiff very well. At some unstated day in December, 1948, plaintiff agreed to make collections on the land contract for Mrs. Warner. Mrs. Minnie

Betker, after both the stenographer and the judge told her that she would have to speak louder as they could scarcely hear her, testified as follows:

"I guess I'll have to talk louder. 'Bea' done the business for her and she wanted 'Bea' always to take care of her business. She said that if anything happened to her, that she wanted 'Bea' to have anything that is left, if there was anything left in the bank account. Mrs. Warner, deceased, said that she was going to open a bank account and that 'Bea'—that is my daughter—and her was going to have it together, and that if anything happened to her it would be hers. Beatrice should be able to draw upon that account, and Mrs. Warner too. * * * Just the 2 of them. * * *

"If Mrs. Warner needed the money for any purpose or for the stove or something like that, she could take money out of it, without asking. The money in that bank account was all Mrs. Warner's and Beatrice, my daughter, didn't put any of her own money into it. If Mrs. Warner had been ailing and had to eat it up, it would have been all right, too, even after Mrs. Warner went to Detroit. We were close together, very close."

Shortly after the beginning of January, 1949, Mrs. Warner opened a separate account in the commercial department of the Almont Savings Bank, with the name of the depositor entered on the book of the bank as "Ida L. Warner and/or Beatrice Betker," or as appears in the original exhibits on file in the court, "Ida L. Warner &/or Beatrice Betker." It was so entered by one of the tellers of the bank. Mrs. Warner received a checkbook and also a passbook. She drew 2 checks on the account. Beatrice Betker deposited the payments thereafter collected by her from the vendee on the land contract in the account. She made no withdrawals therefrom. The balance due on the contract was paid up quickly so that upon the death of Mrs. Warner on May 8, 1951, the balance

in the bank account was approximately $4,000. Edwin C. Ide was appointed executor and in that capacity he is being sued as defendant in the instant case. Shortly after the death of Mrs. Warner the bank turned the balance in the account over to Mr. Ide, as executor, at his request. Thereafter plaintiff, claiming that the balance belonged to her as a survivor of herself and Mrs. Warner, brought this action.

The case was heard by the trial court without a jury. The cashier of the bank testified that when the bank opened an account in the name of one person "and/or" another, it always added the additional words "payable to either or the survivor" if the account was in the savings department, but that if it was in the commercial department it was the custom of the bank not to add the additional words of survivorship, notwithstanding the fact that it was a survivorship account. Further testimony by the cashier in regard to the bank's practice in handling "and/or" accounts was as follows:

"*Q.* In your bank, in the ordinary course of business, there are depositors who let agents transact their business for them on the depositor's bank account?

"*A.* That is right.

"*Q.* And let them withdraw checks from the depositor's bank account?

"*A.* They give them power of attorney as an agent.

"*Q.* Or, as in this case, if one party was later shown was the owner of the money and the other one acted for her, an and/or deposit book would be convenient for that purpose, too?

"*A.* It could be.

"*Q.* And it often is, isn't it, in your banking experience?

"*A.* Usually it is a joint account, not made as an agent.

"An account jointly with the right of survivorship isn't made too often in a commercial banking deposit, only in the case of man and wife"

No new deposit card was made out with signatures, nor was plaintiff's signature obtained for the new account. The bank had her signature on file in another account. From the cashier's testimony, it can be only a matter of conjecture whether Mrs. Warner actually intended that plaintiff was to have survivorship rights in the account at the time it was opened. This is substantially all of the testimony bearing on the question of the rights of the survivor in the bank account. The cashier of the bank who testified was not present at the time the account was opened. The teller who opened the account, for reasons not disclosed by the record, did not testify.

The judge held in favor of the plaintiff. He stated:

"Taking that in connection with the conversation which took place before the account was opened, I think that the fair and just construction of the transaction is that it was, and was intended by the parties to be when it was created, an account which has the effect of being payable to either of the joint parties to it during the lifetimes of both and to the survivor, whoever she might have been at the time of the death of either one. That being the case, under the express provisions of [CL 1948, § 487.703] Stat Ann 1943 Rev § 23.303, the bank would have been protected in withholding the sum of $4,000 from the administrator. It would likewise have been protected if it had paid that sum to the plaintiff in this case, Beatrice Betker. I think under that statute it was the duty of the bank certainly to so withhold the money and it would have been perfectly proper for the bank to pay it over as above indicated. This being the case, from a rather narrow standpoint, the defendant has no right to the possession of the money and never did have."

The judge largely based his decision upholding the right of plaintiff's claim on the bank survivorship statute, CL 1948, § 487.703 (Stat Ann 1943 Rev § 23.303). The present case is not such as to come within the statute which applies only to deposits that are made in form to be paid to either or their survivor. The statute is for the benefit and protection of both the banks and their depositors. It creates a presumption in favor of survivorship when the joint deposit in form is payable to the survivor. Even had it been so made out such presumption can be rebutted by competent evidence. *Van't Hof* v. *Jemison,* 291 Mich 385; *Pence* v. *Wessels,* 320 Mich 195. The statute cannot be invoked in the instant case and it was error so to hold. While in *Equitable & Central Trust Co.* v. *Zdziebko,* 260 Mich 366, partly relied upon by plaintiff, we said that if plaintiff were otherwise entitled to the deposit, her rights ought not to be jeopardized by the lax methods of the bank in transacting its business and keeping its records, and that strict formalities are not required in creating a joint bank account with right of survivorship, that case is readily distinguishable. The formality there lacking consisted of the bank's failure to open an entirely new account, when, in a joint account payable to a mother and daughter or their survivor, the daughter died and at the request of the mother another daughter's name was substituted on the books of the bank. There was proper testimony admitted to show what occurred at the bank, where the signatures of both the mother and the substituted daughter were on file. The account, at all times, was in form payable to either of them or the survivor. The instant case is far different. In *Negaunee National Bank* v. *Le Beau,* 195 Mich 502 (LRA1917D, 852), the deposit was made in the names of a father and daughter or their survivor. It was held to be a gift *inter vivos,* notwithstanding the fact that the

father had kept the passbook in his own possession.
There, a former statute similar to the present one
(CL 1948, § 487.703, *supra*), was expressly not con-
sidered an attack having been made upon that stat-
ute's constitutionality. In *State Bank of Croswell*
v. *Johnson,* 151 Mich 538, the deposit was in the name
of 2 persons or their survivor. On the other hand,
in *Peoples State Bank of Belleville* v. *Allstaedt,* 301
Mich 662, we said in discussing the statute in relation
to "survivorship," that "the statute requires writ-
ten evidence of such intention." It would serve no
good purpose to further discuss the multitude of
cases in this and other jurisdictions where similar
questions have arisen. The statute, *supra,* was
passed for a good purpose and can easily be followed.

The testimony is insufficient to establish plaintiff's
claim. Obviously, Mrs. Warner cannot testify. Her
will, made some time after the occurrence of the
events hereinbefore stated and expressly providing
for the disposition of the moneys in the bank ac-
count, was properly excluded. *Pence* v. *Wessels,*
*supra.* As the testimony of plaintiff's mother was
believed by the judge, we must accept it as true, not-
withstanding the fact that she was not a wholly dis-
interested witness. The bank transmitted the full
balance of the account to the executor of Mrs.
Warner's estate after her death. The cashier tes-
tified that this was due to a mistake of the teller.
That action, however, tends to refute the cashier's
statement as to the custom of the bank when "sur-
vivorship" accounts are opened in the commercial
department. There was no gift *inter vivos,* as at the
time of the conversation with the mother, there was
nothing to give; at most it was a mere statement of
an intention. The account was not in form payable
to the survivor. The proofs are totally lacking as to
what Mrs. Warner said at the time the account was
opened. The trial judge stated that the plaintiff was

entitled to the deposit or one-half of it. A holding that she is entitled to one-half of it, as a tenant in common, refutes the claim of survivorship. As there was no gift, plaintiff did not become entitled to a half or any part of the account. Plaintiff did not sustain the burden necessary to make out a prima facie case.

The judgment must be reversed and one entered for defendant, who will recover costs.

ADAMS, C. J., and DETHMERS, CARR, SHARPE, and REID, JJ., concurred with BUTZEL, J.

BUSHNELL and BOYLES, JJ., concurred in the result.