303 S.W.2d 915 (1957)
In the Matter of the ESTATE of Rose M. GERLING, Deceased.
G. H. SUELTHAUS and Mercantile Trust Company, Executors, and G. H. Suelthaus and Mercantile Trust Company, as Executors of the Last Will of August H. Gerling, Deceased, Respondents,
v.
STATE of Missouri, Department of Revenue, Appellant.
No. 45652.
Supreme Court of Missouri. Division No. 2.
July 8, 1957.
John M. Dalton, Atty. Gen. of the State of Missouri, Frank P. Motherway and Russell S. Noblet, Asst. Attys. Gen., for appellant.
Harry A. Frank and Edward C. Schneider, St. Louis, for respondents.
Norman Begeman and James H. Meredith, St. Louis, amici curiae.
LEEDY, Judge.
This proceeding arose on exceptions to the report of the inheritance tax appraiser in the Estate of Rose M. Gerling, deceased, in the Probate Court of the City of St. Louis. That court overruled the exceptions and an appeal was taken to the circuit court where exceptors prevailed. The latter court's judgment, from which the State has taken the present appeal, sustained the exceptions, and ordered deleted or omitted from said appraiser's report certain described real and personal property which at the time of her death was held by decedent and her brother as joint tenants with the right of survivorship, and such judgment cancelled the inheritance tax computed on said jointly held property against the surviving joint tenant.
*916 The jointly held property which forms the subject matter of this controversy had been so held many years, some of it dating back to 1938, and all of it more than six years next before the death of Rose, which occurred on the 15th day of October, 1954. It consisted of three parcels of real estate in the City of St. Louis, valued by the appraiser at $59,000; 25 shares of the capital stock of Sears, Roebuck & Company, valued at $1,779.59, and 407.498 shares of Investors Mutual, Inc., valued at $10,005.20. Decedent and her brother contributed equally to the creation of the estate in joint tenancy in the real estate, but Rose alone supplied the money with which the shares of stock were purchased. During her lifetime, the dividends on the Sears stock were taken by Rose and accounted for by her as income, as was one-half of the rents from the real estate. The record is silent as to the disposition of the dividends, if any, on the Investors Mutual, Inc., stock. There was included in the inheritance tax appraiser's report for inheritance tax purposes one-half of the value of the jointly held real estate and the entire value of the personal property, the shares of stock. The personal representatives of Rose and the personal representatives of August H. Gerling (who died June 26, 1955) filed exceptions to so much of the report as included the jointly held property, the grounds of which, insofar as here relevant, were in substance: (1) That said jointly held property formed no part of the estate, assets or property of the decedent; and (2) That "all of said joint property of which August H. Gerling was the owner as joint tenant of the whole title thereto prior to his sister Rose's death, became the absolute property of August H. Gerling, and was not subject to inheritance taxes." As stated, the probate court overruled the exceptions, but on appeal to the circuit court they were sustained, and this appeal followed.
The points relied on for reversal are that the trial court "erred in sustaining the exceptions to the report of the inheritance tax appraiser, and in ordering the jointly held property to be deleted from such report, because:
"(1) This was a transfer that was intended to take effect in possession and enjoyment at the death of the deceased, and was a taxable transfer under the inheritance tax act;
"(2) The deceased joint tenant had retained for her life, the possession, enjoyment and income from such property which subjected the property to an inheritance tax upon her death;
"(3) An interest in the property passed by reason of the death of the decedent and the transfer is thus one that is subject to an inheritance tax under the provisions of the act."
The case is one of first impression. Although the present inheritance tax act (Chap. 145, RSMo and V.A.M.S., §§ 145.010-145.350)as amended from time to timehas been in effect for forty years, this court has never been called to construe it with reference to joint tenancies. In this connection, it is to be noted that the act does not have a specific clause taxing such tenancies, so that if tax liability arises upon the death of one of two joint tenants, it is by virtue of general provisions. Those invoked by the State as sustaining its points are as follows (emphasis as placed by appellant):
§ 145.010. "1. The words `contemplation of death' as used in this chapter shall be taken to include that expectancy of death which actuates the mind of a person on the execution of his will, and in nowise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person in making a gift causa mortis, and it is hereby declared to be the intent and purpose of this chapter to tax any and all transfers which are made in lieu of or to avoid the passing of the property transferred by testate or intestate laws."
§ 145.020. "1. A tax is hereby imposed upon the transfer of any property, real, *917 personal, or mixed, or any interest therein or income therefrom in trust or otherwise, to persons, institutions, associations, or corporations, not herein exempted, in the following cases: * * *
"(3) When the transfer is made by a resident or by a nonresident whose property is within this state or within its jurisdiction, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intending to take effect in possession or enjoyment at or after such death. Every such transfer made within two years prior to the death of the grantor, vendor, or donor, of a material part of his estate or in the nature of a final disposition or distribution thereof without an adequate valuable consideration shall be considered to have been made in contemplation of death within the meaning of this section;
"(4) When the transfer is made by a resident or by a nonresident whose property is within the state or within its jurisdiction, in trust or otherwise and the transferor has retained for his life or any period not ending before his death, the possession or enjoyment of or the income from the property, or the right to designate the persons who shall possess or enjoy the property or income therefrom, except in case of a bona fide sale for an adequate consideration in money or money's worth."
§ 145.040. "When property or any interest therein or income therefrom shall pass to or for the use of any person, institution, association or corporation by the death of another by deed, instrument or memoranda or by any transfer or passage whatsoever, such transfer shall be deemed a transfer within the meaning of this chapter and taxable at the same rates and be appraised in the same manner and subject to the same duties and liabilities as any other form of transfer provided in this chapter."
§ 145.240. "1. Where any property shall after the passage of this chapter be transferred subject to any charge, estate or interest, determinable by the death of any person, or at any period ascertainable only by reference to death, the increase accruing to any person or corporation upon the extinction or determination of such charge, estate or interest, shall be deemed a transfer of property taxable under the provisions of this chapter in the same manner as though the person or corporation beneficially entitled thereto had then acquired such increase from the person from whom the title to their respective estates or interests is derived."
A joint tenancy is based on the theory that together the joint tenants have but one estate; they hold per my et per toutby the moiety or half and by the whole; its essential elements are the four unities of interest, title, time and possession. The leading and distinctive characteristic of an estate in joint tenancy is, of course, the right of survivorship.
"This doctrine of survivorship appears to be the result of, or at least associated with, the theory that joint tenants together own but one estate, a theory which, rigidly applied, would recognize no distinct interest in one to pass on his death to his heirs or devisees, his claim being, as against the others, merely extinguished in that case. The survivor takes no new title by survivorship, but holds under the deed by virtue of which he was originally seized of the whole." 2 Tiffany, Real Property, § 419.
It is said in 14 Am.Jur., Cotenancy, § 6 (citing Johnston v. Johnston, 173 Mo. 91, 73 S.W. 202, 61 L.R.A. 166) that by virtue of the right of survivorship "the entire estate, upon the death of any one of the joint tenants, goes to the survivors, and so on to the last survivor, who takes an estate of inheritance free and exempt from all charges made by his deceased cotenants."
In the recent case of Strout v. Burgess, 144 Me. 263, 68 A.2d 241, 252, 12 A.L.R.2d 939, the Supreme Court of Maine stated its conclusion with respect to the doctrine *918 of survivorship thus: "The right of survivorship, however, does not pass anything from the deceased joint tenant to the surviving joint tenant. By the very nature of joint tenancy, the title of the first joint tenant who dies terminates with his death, and as both he and his cotenant were possessed and owners per tout, that is of the whole, the estate of the survivor continues as before. [Citing Attorney General v. Clark, infra.]"
In Illinois it is held that the joint tenant who survives does not take the share of the other from him as his successor, "but by right under the conveyance which created the joint tenancy in the first instance." Klajbor v. Klajbor, 406 Ill. 513, 94 N.E.2d 502, 505.
Michigan holds that jointly held property becomes property of the survivor not by descent, distribution or transfer, but by right of survivorship. In re Renz' Estate, 338 Mich. 347, 61 N.W.2d 148.
Accordingly, the applicability of an inheritance or succession tax act which taxes transfers "by the intestate laws" is denied, unless the act contains a specific provision for taxing joint tenancies. Attorney General v. Clark, 222 Mass. 291, 110 N.E. 299, L.R.A.1916C, 679, Ann.Cas.1917B, 119; In re Cowan's Estate, 98 Utah 393, 99 P.2d 605; 28 Am.Jur., Inheritance, Estate and Gift Taxes, § 122; 85 C.J.S. Taxation § 1143c (6).
Subsection (1) of § 145.020(1) imposes the tax when the transfer is "by will or the intestate laws," but, as noted earlier, we have no specific clause or provision taxing joint tenancies, which brings us within the rule last mentioned, and so the State disclaims any right under said subsection (1), but bases its claims upon other provisions. It will be remembered that the State's points one and two are: That the transaction was a gift intended to take effect in possession and enjoyment at the death of the decedent, and hence within subsection (3) of § 145.020(1); and that decedent, as transferor, had retained for her life the possession, enjoyment and income from the property, and hence governed by subsection (4) of § 145.020(1).
No case cited by the State on either of these propositions involved in any way an inheritance or succession tax applicable to joint tenancies. The case of Attorney General v. Clark, supra, is direct authority against the first proposition urged. There two sisters had by equal contributions created an estate in joint tenancy, and in ruling adversely the State's present first contention, the court said [222 Mass. 291, 110 N.E. 300]: "When they created an estate in joint tenancy in the real estate and personal property above referred to, a contract was made between them for a valuable consideration, and in the absence of fraud or anything to indicate that it was not entered into in good faith, it constituted a valid agreement and must be recognized as such. There is no evidence of fraud or bad faith in creating the joint tenancy. It cannot be found that there was a gift of one-half of the property to take effect in possession and enjoyment after the decease of the testatrix so as to be taxable under the statutes because the joint tenancy was not severed during the lifetime of the tenants. Each sister contributed an equal amount for her interest in the real and personal property when the joint tenancy was created, and there is nothing to show that the right of survivorship was not as valuable to one as to the other. Each held subject to the limitations which such a tenure imposed upon them, and thereafter they held by but one title. [Emphasis supplied.]
"We are of the opinion that the contract between the parties creating a joint tenancy in the property in question cannot be held under the circumstances to be a voluntary gift without consideration and so liable to a succession tax."
The same conclusion was reached by the Supreme Court of Michigan under statutes so nearly comparable as to be practically identical with our own, in the very recent case of In re Renz' Estate, supra.
*919 In re McIntosh's Estate, 289 Pa. 509, 137 A. 661, 662, held that the surviving joint tenant became the owner of the joint property by virtue of the deed creating the joint tenancy, which deed was effective at its date, and not at the date of the decedent's death, the court saying in that connection: "There was, in other words, no taxable transfer from the decedent to Adelaide A. Moore, intended to take effect in possession or enjoyment at or after the death of Caroline McIntosh. The fact is that nothing passed from Caroline McIntosh to Adelaide A. Moore at the former's death. What right or interest she had up to that time then ceased to exist; it evaporated; there was nothing in her that could pass from her to any one else." (Emphasis supplied.)
The last three cases, as well as the ones cited earlier concerning the nature of a joint tenancy, are likewise authority against the State's second proposition, this because the decedent transferred nothing to the surviving tenant either when the estate was created or at her death, and hence could not have been a transferor within the meaning of subsection (4), supra, regardless of what the arrangement may have been between the joint tenants with respect to the division of the income arising from the joint property.
We find nothing in Commissioner of Internal Revenue v. Estate of Church, 335 U.S. 632, 69 S.Ct. 322, 337, 93 L.Ed. 288, to be contrary to the views above expressed. It involved not a joint tenancy, but a trust from which the decedent reserved the income for life, and in which no provision was made for distribution if he died without issue, and none of his brothers or sisters, or their children, survived him. The question involved was whether the value of the corpus of the trust was to be included in decedent's gross estate for federal estate tax purposes. The transfer was held to be one intended to take effect in possession or enjoyment at or after death, under § 811(e) of the Int.Rev.Code, 26 U.S.C.A. § 811(e), and includible. The Church case is the one the State principally relies on, but, as shown, the facts there are so dissimilar to those in the case at bar as to render it inapposite.
On the death of one of two joint tenants, the right or interest of the survivor in the jointly held property is undoubtedly enhanced, for he gains the elimination of his cotenant's interest, and thereby, for the first time, comes into complete ownership and possession with all of the rights and incidents of such status. The State urges that § 145.240(1), when taken in connection with § 145.040, is broad enough to include such an enhanced interest, or status as survivor. It must be conceded that the wording of the section which has been set out in italics earlier in this opinion does lend credance to this view; but, standing alone, we fail to see how it could be regarded as sufficient for this purpose. The federal government and many of the states expressly include joint estates within the operation of inheritance, estate and succession tax laws, but where this situation exists, it is by virtue of specific provisions for the purpose. These statutes take various forms. The federal statute in relation to estate taxes is § 811(e), 26 U.S.C.A. which is based on the proportionate amount originally contributed by the decedent. However, in some of the states there are other types, including those which provide for computation of the tax without regard to the amount of the contribution by the respective joint tenants. See Annotation: 135 A.L.R. 1061, and Annotation: 1 A.L.R.2d 1101, 1106. This points up our immediate problem. Under our statute, which is wholly silent on the matter of joint estates, what authority is there for computing the tax, as was done in this case, on the basis of the proportion of the contribution made by the joint tenants? Equity would doubtless take such a view, but this is not a proceeding in equity, but one under a taxing statute, and it is familiar doctrine that tax laws are to be strictly construed. If the right to tax is not plainly conferred by the statute, it is not to be extended by implication.
*920 It is not disputed that predecessors of the present Attorney General several times ruled that the statute in question does not extend to joint tenancies. We judicially notice that at the session of the 69th General Assembly, just closed, a bill (S. B. 243) was introduced and passed the Senate, which would have brought Missouri in line with most of the states and the federal government by making specific provision with respect to joint tenancies. That bill, however, did not pass the other house. These facts buttress our view that it is not within the intendment of the present statute that joint tenancies be included.
The action of the trial court should be, and it is, affirmed.
All concur.