ESTATE OF Agnes OSTERLOH, Deceased, Anna W. Osterloh, Executrix, Respondent,

v.

Milton CARPENTER, Director of Revenue, State of Missouri, Appellant.

No. 47777.

Supreme Court of Missouri, Division No. 2.

Sept. 12, 1960.

John M. Dalton, Atty. Gen., Jerry B. Buxton, Asst. Atty. Gen., for appellant, Milton Carpenter.

Joseph J. Russell, Limbaugh & Limbaugh, Cape Girardeau, for respondents.

STORCKMAN, Judge.

This proceeding is based on exceptions to the report of the Missouri inheritance tax appraiser of the estate of Agnes Osterloh, deceased, in the Cape Girardeau Court of Common Pleas. The question presented is whether securities purchased by Agnes Osterloh within two years prior to her death, and issued jointly in her name and the names of her sister, niece and nephews, are subject to taxation as being a transfer made in the contemplation of death. The trial court sustained the exceptions of the executrix and held that the securities were not properly includable in the decedent's estate because there was no transfer within the meaning of the inheritance tax laws. The director of revenue appealed from the judgment.

The director contends that the creation of the joint tenancy was a transfer of property by gift at the time the securities were purchased, that such transfer having been made within two years prior to the death of the purchaser was presumed, in the absence of rebutting evidence, to have been made in contemplation of death under § 145.020, subd. 1(3) RSMo 1949, V.A.M.S., and that the trial court erred in excluding the securities from the taxable property of the estate. The supreme court has jurisdiction of the appeal because a construction of the revenue laws of this state is involved.

Art. V, § 3, Constitution of Missouri 1945, V.A.M.S.

No evidence was offered at the hearing of the exceptions, but the parties entered into an agreed statement which, among other things, stipulated these facts: At the time of her death on May 4, 1955, Agnes Osterloh was 71 years of age and a legal resident of Cape Girardeau, Missouri. On August 5, 1955, the inheritance tax appraiser filed his report in the Cape Girardeau Court of Common Pleas where the estate was being administered. The exceptions with which we are concerned are that the appraiser erroneously included as a part of the taxable estate United States government bonds in the sum of $5,673 and capital stock of American Telephone and Telegraph Company in the sum of $18,350 which were purchased by Agnes Osterloh within two years prior to her death and were issued jointly to her and her relatives. In her exceptions, the executrix alleged that the inclusion of these securities as taxable assets of the estate was erroneous for these reasons:

"(1) The bonds and stocks * * * were not purchased by the decedent in contemplation of death.

"(2) The purchase by the decedent of stocks and bonds and the placing of title in the joint names of decedent and others with right of survivorship results in title passing by operation of law upon the death of decedent and does not constitute a 'transfer' within the meaning of Section 145.020, R. S. Mo. 1949.

"(3) Section 145.020, R. S. Mo. 1949, which establishes a conclusive presumption that transfers made within two years of the death of decedent are made in contemplation of death violates Article I, Section 10, of the 1945 Constitution of Missouri, and violates the 14th Amendment of the Constitution of the United States of America. It is, therefore, void and of no effect and cannot operate to make the property herein mentioned subject to tax."

The order sustaining the exceptions states that the court found "as a matter of law" that the bonds and stocks in question should not be included as a part of the estate taxable under the Missouri inheritance tax laws, and specifically that the securities were not taxable under the provisions of § 145.020. A memorandum opinion, ordered made a part of the record, gives this reason for the court's ruling: "I believe that there was no transfer here that brings the property under the above cited statute nor of any other applicable statute that would subject the bonds and stocks held in joint tenancy by the decedent and surviving relatives to Inheritance Tax." The finding and judgment was in keeping with ground (2) of the exceptions set out above.

The taxes provided by Chapter 145 are referred to as inheritance taxes. These statutes, and particularly § 145.020, subd. 1(1) (2), are on the transfer of property by will or the intestate laws. Subsection (3) of § 145.020 deals with transfers made in contemplation of death. Section 145.010, subd. 1 defines "contemplation of death" and also declares it to be "the intent and purpose of this chapter to tax any and all transfers which are made in lieu of or to avoid the passing of the property transferred by testate or intestate laws". In this case we are concerned with transfers alleged to have been made in contemplation of death.

In re Gerling's Estate, Mo., 303 S.W.2d 915, involved an attempt to subject property previously held in joint tenancy to taxation under the inheritance tax laws. The joint estates had been in existence from six to sixteen years. These contentions made on appeal by the department of revenue were denied: (1) there was a transfer intended to take effect in possession and enjoyment at the death of the deceased cotenant; (2) the deceased joint tenant had retained for her life the possession, enjoyment and income from the property held in joint tenancy; and (3) an interest in the property passed by reason of the death of

the cotenant. The decision in Gerling effectively disposes of any claim that property or an interest therein was transferred or passed to the surviving joint tenant within the meaning of the act. In the present case the director contends that there was a transfer of property at the time the joint tenancy was created and, if made in contemplation of death, the transfer is taxable under § 145.020, subd. 1(3).

Section 145.020 insofar as here applicable provides: "1. *A tax is hereby imposed upon the transfer of any property,* real, personal, or mixed, *or any interest therein* or income therefrom in trust or otherwise, to persons, institutions, associations, or corporations, not herein exempted, in the following cases:

    \*    \*    \*    \*    \*    \*

"(3) *When the transfer is made* by a resident or by a nonresident whose property is within this state or within its jurisdiction, *by* deed, grant, bargain, sale or *gift made in contemplation of the death of the* grantor, vendor or *donor,* or intending to take effect in possession or enjoyment at or after such death. Every such transfer made within two years prior to the death of the grantor, vendor or donor, of a material part of his estate or in the nature of a final disposition or distribution thereof without an adequate valuable consideration shall be considered to have been made in contemplation of death within the meaning of this section". The words italicized are the ones claimed by the director to be applicable and to characterize this fact situation.

■ The director places considerable stress on the fact that the joint tenancy was created within the period of two years before the death of the testatrix and urges that the last sentence of subsection (3) gives rise to a rebuttable presumption that the transaction in question was made in contemplation of death. If the presumption is a rebuttable one, as it should be, it is but a rule of evidence and not a part of the substantive law regarding transfers made in contemplation of death. Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 362[5], 76 L.Ed. 772; City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468, 469 [2]; State ex rel. Stevens v. Arnold, 326 Mo. 32, 30 S.W.2d 1015, 1018[4]. Further, it is not initially material if the creation of the joint tenancy was in contemplation of death because that goes to the intention of the testatrix. Unless a "transfer" of "property" was made within the meaning of the statutes, the intention of the testatrix is not important.

Thus, the first question to be considered is whether the creation of the joint tenancy constitutes a transfer of property within the purview of the statutes which imposes an inheritance tax on such transfers if made in contemplation of death. Section 145.020, subd. 1(3). The words "transfer" and "property" are defined by statute. Subsections of § 145.010 give them the following meanings: "4. The word 'transfer' as used in this chapter shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift or appointment in the manner herein described." "3. The words 'estate' and 'property' as used in this chapter shall be taken to mean the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor or donor passing or transferred to individual legatee, devisees, heirs, next of kin, grantees, donees, vendees, or successors, and shall include all personal property within or without the state."

■ The most distinctive characteristic of an estate in joint tenancy is the right of survivorship. In re Gerling's Estate, Mo., 303 S.W.2d 915, 917[2]; 48 C.J. S. Joint Tenancy § 1b, p. 910. When a joint tenancy is created, each of the cotenants acquires a right of survivorship

which may or may not ripen into sole ownership of the property.

**█** Prior to the death of a cotenant, or until the tenancy is severed,[1] the joint tenants hold the property by one joint title and in one right. "An estate held in joint tenancy is but one estate, not a number of estates equal to the number of joint tenants, and for some purposes the joint tenants are as one person. Each joint tenant is seized of the whole estate; he has an undivided share of the whole estate rather than the whole of an undivided share. Each tenant is said to hold per my et per tout, by the half and by the whole." 48 C.J.S. Joint Tenancy § 6, p. 930. See also In re Gerling's Estate, Mo., 303 S.W.2d 915, 917.

**█** While each of the joint tenants has a right to the possession of the premises, neither can hold exclusive possession against his cotenant. 48 C.J.S. Joint Tenancy § 7, pp. 930–931. Whether a cotenant will ever attain absolute ownership of the property and the accompanying right to exclusive possession is contingent and uncertain. The conveyance creating the *joint* tenancy does not determine this and it cannot be ascertained until the death of one of the cotenants eliminates his right of survivorship.

A joint estate with right of survivsorship is so distinctive that, unless specifically covered, it is not ordinarily held to be within the purview of a law taxing transfers by will or the intestacy laws, or transfers in contemplation of death. The general rule in this regard is stated in 28 Am.Jur., Inheritance, Estate, Succession and Gift Taxes, § 227, p. 172, as follows: "Joint tenancies with the right of survivorship are in a class by themselves. It is held that the entry into complete ownership and possession by one joint tenant of a piece of property, or a tenant by the entirety, upon the decease of the other, by virtue of the right of survivorship, is not subject to an inheritance tax under a statute which taxes the passing of property by will or by the laws regulating intestate succession. The same has been held under a statute taxing transfers."

**█** Most jurisdictions by express provision have brought the entry of one of the joint tenants into sole ownership and possession under the inheritance and estate tax laws. These acts have separate provisions for taxing transfers in contemplation of death and for taxing the right of the surviving joint tenant to the immediate ownership or possession and enjoyment of the property. For example, see 26 U.S.C.A. §§ 2035 and 2040, and Smith-Hurd Illinois Annotated Statutes, Ch. 120, § 375, subd. 3 and 5. On two occasions in recent years, attempts to bring Missouri in line with the federal act and those of other states have failed. See S.B. 243 in the 69th General Assembly and S.B. 189 in the 70th General Assembly. We may take notice of these attempts to enact legislation. In re Gerling's Estate, Mo., 303 S.W.2d 915, 920[4]. These bills would have added a new section numbered 145.035 to the inheritance tax laws. The purpose of each of the bills was the same and the language practically identical. Among other things, S.B. 189 specifically provided that "the right of the surviving tenant by the entirety or joint tenant or person, to the immediate ownership or possession and enjoyment of the property is a transfer taxable under this law". The act proposed also provided for the evaluation of the interest transferred. Present statutes furnish no standard by which to admeasure the taxable value of the property in the event both tenants have made contributions to the joint estate.

"Viewed from the angle of general taxation, it will be readily observed that the

---

1. If the joint tenancy is severed by conveyance or partition during the lifetimes of the cotenants, the rights of survivorship are destroyed, but that contingency has no relation to the problem before us and need not be noticed further.

inclusion of transfers not taking place at death in a scheme of inheritance taxation, involves the transposition of such transfers from the potential field of gift taxation into the field of inheritance taxation. The particular governmental authority imposing the inheritance tax may not have a gift tax. But this of itself would not justify subjecting to inheritance taxation such transfers *inter vivos* as bear no kinship to inheritances." 15 St. Louis Law Review, p. 114, Inheritance Taxation of Transfers Not Taking Place At Death by Harry W. Kroeger.

In order to be within the purview of the taxing statutes, the transfer here involved must be tantamount to "the passing of property or any interest therein, in possession or enjoyment, present or future," by gift. Section 145.010, subd. 4. The creation of a joint tenancy cannot be said to be a completed grant of the present or future possession or enjoyment of an ascertainable property interest. The interest of a cotenant in a joint tenancy may be entirely obliterated by his prior death and the alleged gift or grant may revert completely to the transferor free from any claim by the heirs or creditors of the deceased cotenant.

■ While the absolute title of the joint tenant who survives stems from the transaction which created the joint estate, the event which gives it completeness and permanence is the death of the cotenant. In Tyler v. United States, 281 U.S. 497, 504, 50 S.Ct. 356, 359, 74 L.Ed. 991, this was held to be a taxable event under an act directed expressly to joint estates, the court stating: "Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accession to the property rights of the other." In the Gerling case, this court stated, 303 S.W.2d 919: "On the death of one of two joint tenants, the right or interest of the survivor in the jointly held property is undoubtedly enhanced, for he gains the elimination of his cotenant's interest, and thereby, for the first time, comes into complete ownership and possession with all of the rights and incidents of such status." All of the inheritance or estate tax statutes which we have examined make the enhancement or accessions to the survivor's property interest the taxable event.

■ Tax laws must be strictly construed and, if the right to tax is not plainly conferred by statute, it will not be extended by implication. In re Gerling's Estate, Mo., 303 S.W.2d 915, 919[3]; A. P. Green Fire Brick Co. v. Missouri State Tax Commission, Mo., 277 S.W.2d 544, 545[4]. A legislative intent to tax this property as a transfer in contemplation of death is not clearly expressed and we cannot imply one.

■ Our conclusion is that the transaction creating the joint tenancy was not a transfer of a property interest within the meaning of existing inheritance tax statutes. The holding in the Gerling case leads logically to this conclusion. Forecasting the result, if not actually deciding it, the opinion states (italics added): " * * * the decedent transferred nothing to the surviving tenant either *when the estate was created* or at her death, and hence could not have been a transferor within the meaning" of subsection (4) of § 145.020, subd. 1. 303 S.W.2d 919. See also In re Renz' Estate, 338 Mich. 347, 61 N.W.2d 148; Attorney General v. Clark, 222 Mass. 291, 110 N.E. 299, L.R.A.1916C, 679; and In re Cowan's Estate, 98 Utah 393, 99 P.2d 605.

We have given careful consideration to the authorities cited by the director but do not find them persuasive of a contrary holding. The result we have reached renders unnecessary a consideration of other questions presented.

The trial court did not err in sustaining the exceptions of the executrix. The judgment is affirmed.

LEEDY, P. J., EAGER, J., and BROADDUS, Special Judge, concur.