MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, a National Banking Association, Respondents,

v.

The MISSOURI STATE TAX COMMISSION, Hunter Phillips, Carl E. Davis, J. Ralph Hutchinson and J. R. Towson, Appellants.

No. 54277.

Supreme Court of Missouri, Division No. 2.

Nov. 10, 1969.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellants.

Thompson, Mitchell, Douglas, Neill & Guerri, James M. Douglas, Robert Neill, W. David Wells, St. Louis, for respondent.

DONNELLY, Presiding Judge.

This is a proceeding by petition for judicial review of a decision of the State Tax Commission sustaining assessments by the Director of Revenue of additional bank taxes for the year 1965 against petitioner Mercantile Trust Company National Association, a national bank in St. Louis, Missouri. The reviewing Circuit Court of the City of St. Louis reversed, and the Commission has appealed.

The case was submitted on a stipulation of facts, and the question involved is one of law. It is whether the 1965 bank tax liability of respondent Bank (Mercantile Trust Company, a *State* bank, which converted into Mercantile Trust Company National Association, a *National* bank, on December 24, 1964), is measured at the rate of seven per cent (under § 148.030, RSMo 1959, V.A.M.S.) of its total net income for 1964, or of its net income for the period December 25, 1964, to December 31, 1964. The trial court found that the tax is measured at the rate of seven per cent of the net income for the period December 25, 1964, to December 31, 1964. We affirm.

Appellants contend that the trial court "erred in finding that Mercantile Trust-National's tax due in 1965 was only based on income earned the last seven days of 1964 because the conversion of Mercantile Trust-State to Mercantile Trust-National was a transition and not a new creation and therefore the banks are one and the same and the tax for 1965 should be based on the entire income of 1964."

Appellants base their contention on provisions of § 362.240, RSMo 1959, V.A.M.S., and language of this Court in Coffey v. National Bank of the State of Missouri, 46 Mo. 140.

Section 362.240, supra, reads as follows:

"1. Any bank or trust company incorporated under the laws of this state may be converted into a national banking association, or alone, or with one or more other such banks or trust companies, may be consolidated or merged with one or more national banking associations under a national banking association charter upon compliance with the laws of the United States in such cases made and provided, and without approval by any authority of this state.

2. Whenever any such bank or trust company shall have converted, consolidated or merged into a national banking association it shall notify the commissioner of finance of the state of Missouri of such fact and shall file with him a copy of its authorization as a national banking association or a copy of the certificate of approval of consolidation or merger certified by the Comptroller of the Currency, and thereupon its franchise under the laws of this state shall automatically terminate and the resulting national banking association shall be considered the same business and corporate entity as, and a continuation of the corporate entity and identity of, such bank or trust company, although as to rights, powers and duties the resulting institution is a national banking association. The rights of any of the stockholders of any such bank or trust company who dissent to the consolidation or merger shall be determined pursuant to the laws of the United States.

"3. In the case of any such conversion, consolidation or merger:

(1) All the rights, franchises and interests of the converting, consolidating or merging bank or trust company in and to

every species of property, real, personal and mixed, and choses in action thereto belonging shall be deemed to be transferred to and vested in the resulting national banking association without any deed or other transfer; and

(2) The resulting national banking association by virtue of the conversion, consolidation, or merger, and without any order of any court or otherwise, shall hold and enjoy the same and all rights of property and interests, including, but not by way of limitation, appointments, designations and nominations and all other rights and interests as trustee, executor, administrator, guardian, receiver, registrar, assignee, and every other fiduciary capacity in the same manner and to the same effect as such rights and interests were held or enjoyed by the converting, consolidating or merging bank or trust company at the time of its conversion, consolidation or merger into such resulting national banking association."

In the Coffey case, supra, plaintiff sued in trover to recover the value of a special deposit originally made with the Bank of the State of Missouri, on March 20, 1865. On March 5, 1866, the bank became a national bank. The national bank denied legal accountability for the acts or negligence of the Bank of the State of Missouri. This Court rejected the bank's contention and said (46 Mo. 140, 143): "Under the legislation of the State and of Congress, the Bank of the State of Missouri became a national banking association, as the evidence tended to show and as the jury found the fact to be. It thus passed from one jurisdiction to another; but its identity was not thereby necessarily destroyed. It remained substantially the same institution under another name. The transition did not disturb the relation of either the stockholders or officers of the corporation, nor did it enlarge or diminish the assets of the institution. These all remained the same under the national as they were under the State organization. The bank neither lost any of its assets nor escaped any of its liabilities by the change. The change was a transition, and not a new creation."

Section 362.240, supra, does not involve taxation. We are of the opinion that the provisions thereof and the law stated in the Coffey case, supra, do not govern the effect of statutes, such as § 148.030, supra, which impose taxes.

Section 148.090, RSMo 1959, V.A.M.S., a part of the "Bank Tax Act of 1946," reads as follows:

"Each bank and each trust company organized under the laws of this state and each national banking association organized under the laws of the United States to be located in Missouri, with the date of its certificate of due organization, or the equivalent thereof as a result of determination on appeal, or its certificate of authority to commence business, as the case may be (which are relevantly herein referred to as 'its certificate') subsequent to July 1, 1946, shall be subject to the tax imposed by this law for the calendar year in which it receives its certificate and the first taxable year thereafter measured by its net income, as defined in section 148.040, for the portion of the calendar year unelapsed on the date borne by its certificate with the rate of tax as provided by section 148.030, and with credit against said tax for all taxes and contributions for which credit is permitted by section 148.030, which taxes or contributions are paid during the portion of the calendar year unelapsed on the date borne by its certificate. For each other taxable year each banking institution in this section referred to shall be subject to all the provisions of this law. Any tax imposed by this law due for the calendar year in which it receives its certificate shall be payable by each banking institution to which this section applies to the director on or before June first of the year following the year in which it receives its certificate, and except as to this particular the provisions of sections 148.040 to 148.070, and section 148.100 shall be applicable."

We believe § 148.090, supra, is clear and unambiguous. It provides that a "national banking association organized under the laws of the United States to be located in Missouri, with the date of * * * its certificate of authority to commence business * * * shall be subject to the tax imposed by this law for the calendar year in which it receives its certificate and the first taxable year thereafter measured by its net income * * * for the portion of the calendar year unelapsed on the date borne by its certificate with the rate of tax as provided by section 148.030 * * *." We cannot imply a legislative intent to tax in a manner other than as clearly expressed. "Tax laws must be strictly construed and, if the right to tax is not plainly conferred by statute, it will not be extended by implication." Osterloh's Estate v. Carpenter, Mo.Sup., 337 S.W.2d 942, 947.

We hold that the Bank's 1965 tax liability is measured at the rate of seven per cent of the net income for the period December 25, 1964 to December 31, 1964.

The judgment is affirmed.

All of the Judges concur.